Garuthers, J.,
delivered the opinion of the Court.
This was an action of debt brought upon an instrument executed by the defendant to the intestate of the plaintiff in these words:
“ Due James Hunter, eight hundred dollars, payable in good bar iron, at 6-]: cents a pound, it being for value received of him, this 24th day of April, 1841. Witness my hand seal.
ROBERT CROCKETT, [Seal-.] ”
Verdict and judgment in favor of the plaintiff, for the balance unpaid of the $800, and interest. Motions for a new trial, and in arrest of judgment, overruled, and appeal in error to this Court.
Several questions have been made and argued for a reversal.
1. It is contended that debt is not the proper action, but that it should have been covenant. Much vexation and perplexity have existed in the Courts here and elsewhere in relation to the right form of action in cases of this kind. While it is yet considered proper by the well-informed and experienced, to have regard to the distinctions in the forms of action in the pursuit of rights, yet much of the technicality, and refinement of former times have been wisely abolished by the Legislature and the Courts, The former, in 1852, ch. 152, enacts, in § 4, “That all motions in arrest of judgment for matters of form in any of said civil suits are hereby abolished,” Sec. 7, “ That hereafter it shall not be lawful for the Supreme Court of *147 Tennessee, to dismiss any suit for matters of form, * '* * except when a demurrer has been filed in the Court below, * * * and no judgment shall be reversed for any defect or imperfection in matters of form which might by law have'" been arrested.” Pamp, acts, 219. What is to be regarded as matter of form, and what substance, in pleading, is not very clearly defined. But we cannot doubt, that the distinction between the actions, debt and covenant, on a contract like this, under the spirit of that act, should be considered mere matter of form. There was no demurrer filed in this case, and consequently it is too late now, if the objection exists, to make it available.
But we think the action was well brought according to our decided cases. There certainly is some appearance of conflict in the cases, which it would be useless now to attempt to reconcile. We understand the true rule in relation to these property contracts, to be, that when the contract, upon its face, or in its terms, furnishes the means of ascertaining the exact amount due for specific articles or services, debt will lie. Langtree vs. Walker & Polk, 6 Humph. 336; Marrigan vs. Page, 4 Humph. 247, 1 Meigs’ Dig. p. 413. If the contract before us be tested by this rule there can be no difficulty. The obligation is for $800, payable in bar iron at 6¿- cts. per pound. There is no uncertainty here; the quantity of iron is 1280 pounds,, and its value is fixed by contract — it can neither be more nor less — there is nothing to test by proof; no room for the exercise of discretion in the assessment of damages. It would be different if the contract were for 1280 pounds of iron. Then the *148 recovery would be in damages to be ascertained by a jury upon proof of its value on the day due. So, if the contract were for a horse, so much wheat, corn or pork, the recovery would be in damages, or as it is sometimes expressed, “ sound in damagesin such cases debt will not lie. But in all' these cases, if the price of the article be fixed in the contract, or if the contract be for a sum certain “ to be paid,” or “ which may be paid,” or, “payable” in any Kind of property, debt may be brought, because' the sum to be recovered is certainly fixed by the parties to the contract, for a failure to pay the property, and there is no-room for the assessment of damages. If a jury were to find less, or more, the court would set aside the verdict. The numerous cases maintaining this position are referred to and digested in 1 Meigs’ Dig. p. 413. Upon first principles, as laid down in the elementary books, the proposition is equally clear. 3. Bl. Com. 154; 1 Chitty, 100; 2 Ba. Ab. 279. The principle is, that where the amount to be recovered is specific and fixed, and does not depend upon any valuation, or assessment to fix it, debt may be brought. But where a contract for specific articles or performance of services does not specify the value in money of such articles or services, but the same has to be ascertained by a resort to extraneous evidence by the tribunal before which suit is brought, the action cannot be debt.
In the case before us, not only the amount of money to be paid, if the iron is not, is fixed, but the rate at which the same is to be received, if delivered, is also settled. So that in no event could *149 there be any uncertainty, rendering a resort to testimony necessary to ascertain the amount to be recovered.
2. It is, in the next place, contended that as the plaintiff, properly regarding this as a property contract to which the act of 1807, ch. 95, applies, has averred in his declaration, the notice required by that act, that he could not recover without proving it. We cannot concur in this position. The failure to give the notice required by that act is a good defence, but the practice has been long settled in this State, that it cannot be relied upon but by special plea, Denton vs. Moore, 2 Ten. R. 168, Mar. & Yer. 93. We do not recognize the force of the distinction attempted to be drawn between a case where the averment of such notice is made in the declaration and one where it is not, as to the onus of proof. There are cases in which the distinction exists, but this is not one of them. We hold that the general pleas of nil debit and ■payment, did not put this matter in issue, although it was set forth in the declaration, but that this could only have been done by special plea.
Finding no error in the judgment, we affirm it.